IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

JESUS RAMIREZ SILGUERO,        )
TDCJ No. 1192302,              )
            Plaintiff,       )
                              )
v.                             )        Civil No. 7:09-CV-097-O
                              )
EDDIE C. WILLIAMS, *et al.*,    )
            Defendants.     )

MEMORANDUM OPINION AND ORDER

    This is a civil rights action brought pursuant to 42 U.S.C. § 1983 by an inmate confined in the James V. Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas. The Defendants are employees of the Texas Department of Criminal Justice.

    Plaintiff claims that he was subjected to excessive force at the hands of prison guards. Amended Complaint ¶ V. He alleges that, after the use of force, he was denied medical care for injuries resulting from the force. *Id.* Plaintiff seeks unspecified injunctive relief and $20,000 in monetary damages from each Defendant. *Id. at ¶ VI.* In an attempt to better understand the factual basis of Plaintiff's claims, a questionnaire was issued to him by the Court. Plaintiff filed his answers and, for purposes of the Court's review at this stage of litigation, the **facts** stated by Plaintiff are assumed to be true. However, conclusory allegations and legal conclusions are insufficient to state a claim.

    The Plaintiff, Jesus Ramirez Silguero, claims that, on December 3, 2008 at about 4:30 p.m., he began banging on his cell door with his cell table which he had broken off the wall by jumping on it several times. *Id.* Plaintiff states that he was angry with prison officials because they had

tampered with his food to retaliate against him for filing grievances. *Id.* Two prison guards, Wainscott and Moore, came upstairs to Plaintiff's cell to investigate the banging noise. *Id.* They ordered Plaintiff to stop banging on his cell door, but Plaintiff refused. *Id.* Wainscott and Moore went back downstairs to call Sgt. Joshua Capps and Lt. Lacy Burton to Plaintiff's cell. *Id.* Meanwhile, Plaintiff continued banging on his cell door until he jammed it shut. *Id.* Then he covered his cell door windows with paper. *Id.* When Capps and Burton arrived, Plaintiff peeked out of his cell window. *Id.* Burton ordered Plaintiff to submit to hand restraints and a strip search. *Id.* Plaintiff responded that Burton would have to gas him and bring in a five-man extraction team to gain his compliance with the order. *Id.* Plaintiff covered his cell door and resumed banging on the door with the table. *Id.* Burton then sprayed gas through the cell door food slot. *Id.* Plaintiff grabbed his mattress and placed it against the food slot in an attempt to block the gas, but it was too late, the can of gas had already been sprayed. *Id.* Burton again directed Plaintiff to comply with her orders, but he still refused. *Id.* At that time, the officers assembled a five-man extraction team. *Id.* Burton once again directed Plaintiff to comply with orders, but he refused. *Id.* More gas was sprayed into Plaintiff's cell but he still resisted. *Id.* Burton directed the five-man team to physically remove Plaintiff from his cell. *Id.* A winch was used to open Plaintiff's cell door because he had jammed it shut. *Id.* As the door opened, Plaintiff charged Officer Christopher Arias and shoved him backwards. *Id.* Plaintiff claims that the team members immediately grabbed him and beat him. *Id.* Plaintiff claims to have requested medical care. *Id.* However, a nurse on the scene stated that Plaintiff had no injuries. *Id.* Plaintiff was shackled and searched, then transported on a gurney to another building and placed in a stripped down cell. *Id.*

Plaintiff claims that he was denied medical care for the injuries he suffered during the use of force until the next day when Captain Jason P. Williams ordered guards to take him to the medical department. *Id.* Plaintiff claims that medical personnel cleaned off caked blood and that he was examined by Dr. Potter who ordered x-rays of his upper body and head. *Id.* Plaintiff claims that Potter told him his lower right jaw was fractured and that the retina of his left eye was badly damaged. *Id.* Plaintiff also claims that his left eye was swollen shut and that most of his face, nose and lips were badly injured. *Id.* He alleges that the injuries took three weeks to heal but that he continued to suffer blurred vision, headaches, and sinus problems. *Id.*[1]

"To prevail on an eighth amendment excessive force claim, a plaintiff must establish that force was not 'applied in a good-faith effort to maintain or restore discipline, [but] maliciously and sadistically to cause harm' and that he suffered an injury." *Eason v. Holt*, 73 F.3d 600, 601-02 (5th Cir. 1996) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)).

Here, Plaintiff states no facts which could establish that the force was used against him maliciously and sadistically in an effort to cause harm. Plaintiff concedes that, immediately prior to the use of force, he damaged property in his cell, jammed the cell door shut, refused to comply with orders from prison officials, and engaged in extreme resistance to their efforts to restore order. While it is unfortunate that the situation escalated to the point that force was used, Plaintiff cannot prevail on this claim. In situations such as this, "[prison officials] are entitled to wide-ranging

---

[1] In his answers to the Court's questions, Plaintiff states that he suffered blurred vision, bruising around the eyes, bleeding in the eyes, sinus problems, a scar on his right temple, migraine headaches, a sprained right thumb, sprained legs, facial swelling, bumps around his head and on his forehead, a swollen nose, busted lips, and a damaged retina. He does not mention the fractured jaw. Plaintiff's Answers to the Court's Questions No. 1 & 2.

deference." *See Baldwin v. Stalder*, 137 F.3d 836, 840 (5th Cir. 1998) (finding that the use of mace to quell a disturbance caused by inmates on a bus did not constitute excessive force). "The amount of force that is constitutionally permissible ... must be judged by the context in which that force is deployed." *Id.* (quoting *Ikerd v. Blair*, 101 F.3d 430, 434 (5th Cir. 1996)). The use of force does not constitute cruel and unusual punishment when reasonably necessary to subdue a recalcitrant prisoner. *Clemmons v. Greggs*, 509 F.2d 1338, 1340 (5th Cir. 1975); *see Williams v. Hoyt*, 556 F.2d 1336, 1339-40 (5th Cir. 1977) (affirming jury verdict for the defendants where evidence was sufficient to show that mace was used only for the control of unruly prisoners and was, therefore, not excessive). The Court finds that the use of force alleged by Plaintiff was the direct result of Plaintiff's own behavior, was applied in an effort to restore discipline, and was reasonable under the circumstances.

Next, Plaintiff claims that he was denied medical care for his injuries until the day after the use of force. Amended Complaint ¶ V. In order to state a colorable claim for the denial of medical care under the Eighth Amendment, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Deliberate indifference" under the Eighth Amendment occurs only where a prison official subjectively knows of and disregards a substantial risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 650 (5th Cir. 1996). A delay in medical care can rise to the level of a constitutional violation if the delay results in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993); *Wesson v. Oglesby*, 910 F.2d 278, 284 (5th Cir. 1990). However, it is well established that negligent or erroneous medical

-4-

treatment or judgment does not provide a basis for a § 1983 claim. *Graves v. Hampton*, 1 F.3d 315, 319 (5th Cir. 1993). As long as jail medical personnel exercise professional medical judgment, their behavior will not violate a prisoner's constitutional rights. *See Youngberg v. Romeo*, 457 U.S. 307, 322-23 (1982). A disagreement over the appropriate medical treatment constitutes, at most, a possible claim of medical malpractice appropriately addressed under state law. *E.g., Estelle v. Gamble*, 429 U.S. at 107-08; *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979).

In the case at bar, Plaintiff does not complain of the medical care received. Rather, he complains of a delay in receiving the care. Plaintiff claims to have suffered harm as a result of the one-day delay. Plaintiff's Answer to the Court's Question No. 3. However, Plaintiff has failed to identify any harm suffered because of delay. He complains only about the injuries alleged to have resulted from the use of force itself. Because he has failed to allege any harm resulting from delay, Plaintiff cannot prevail on this claim. *See Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993) (holding that a delay in medical care can rise to the level of a constitutional violation if the delay results in substantial harm).

Plaintiff was given the opportunity to expound on the factual allegations of his complaint by way of questionnaire. *See Eason v. Thaler*, 14 F.3d 8 (5th Cir. 1994) (requiring further development of insufficient factual allegations before dismissal as frivolous is proper); *Watson v. Ault*, 525 F.2d 886, 892-93 (5th Cir. 1976) (affirming use of questionnaire as useful and proper means for court to develop factual basis of *pro se* plaintiff's complaint). However, he failed to allege any facts which, if taken as true, would indicate that he is entitled to recovery under the Civil Rights Act.

-5-

The Court may dismiss a complaint filed by an inmate proceeding *in forma pauperis* if the Court determines that the action is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir. 1991). A complaint is without an arguable basis in law if it is "based on indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. The claims set forth in the case at bar have no arguable basis in law.

IT IS THEREFORE ORDERED that Plaintiff's complaint is hereby DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous.[2]

SO ORDERED this 2nd day of March, 2012.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

[2] The Court notes that the Plaintiff, Jesus Silguero, has a history of filing federal lawsuits after creating prison disturbances, refusing to comply with orders, and causing prison officials to use force against him. *See Silguero v. Pohlmeier*, No. 2:00-CV-218 (N.D. Tex. 2000)(gas sprayed into Silguero's cell after he refused to relinquish a set of handcuffs - case voluntarily dismissed); *Silguero v. Acheson*, No. 7:08-CV-201 (N.D. Tex. 2009) (force used against Silguero to restore order after he took control of the cell door food slot by first sticking his arm, then later his leg, through the slot - case dismissed as frivolous); *Silguero v. Chance*, No. 4:00-CV-717 (S.D. Tex. 2000) (allegations of excessive force by prison guards immediately after a "situation" - see order for more definite statement - case too old to view complaint on docket sheet - voluntarily dismissed); *Silguero v. Quada*, No. 4:00-CV-1841 (S.D. Tex. 2000 - documents not scanned - voluntarily dismissed); *Silguero v. Chance*, No. 4:01-CV-485 (S.D. Tex. 2001) (Silguero gassed by prison guards after refusing to allow a search of his cell - also claims of retaliation and destruction of property - case dismissed as frivolous); *Silguero v. Chance*, No. 4:01-CV-161 (force used against Silguero after he refused to remove paper and feces that he used to cover his cell window - case dismissed for want of prosecution); Silguero v. Williams, No. 7:10-CV-050 (N.D. Tex.) (force used against Silguero after he tied the food slot open jammed his cell door shut and refused to comply with orders from prison guards - case pending).